MEMORANDUM *
John Wayne Ferguson (“Ferguson”) appeals the National Transportation Safety Board’s decision upholding the Federal Aviation Administration’s (“FAA”) suspension of his Airline Transport Pilot (“ATP”) Certificate. We have jurisdiction under 49 U.S.C. §§ 1153, 44709(f) and 46110(a). We vacate and remand to the National Transportation Safety Board.
The FAA ordered a 90-day suspension of Ferguson’s ATP Certificate for alleged violations of Federal Aviation Regulations 14 C.F.R. §§ 135.293(a), 135.293(b), 135.299(b), and 91.13(a). We recite the facts only as needed to explain our decision. Ferguson appealed to an Administrative Law Judge (“ALJ”) who upheld the FAA’s suspension order but reduced it to 85 days.
During the hearing before the ALJ, the FAA called an expert witness, Richard Conte (“Conte”), an FAA Aviation Safety Inspector. When asked for his opinion, Conte testified that the flights Ferguson operated on June 26, 2005, were flights “for compensation or hire” under 14 C.F.R § 135. The ALJ curtailed Ferguson’s cross-examination of Conte regarding the bases for his opinion, barring or limiting Ferguson’s attempts to inquire into Conte’s understanding of “for compensation or hire,” his understanding of flight maintenance logs, and how much weight he placed in forming his opinion on various pieces of evidence.
We review NTSB decisions under the Administrative Procedure Act. Mendenhall v. N.T.S.B., 92 F.3d 871, 874 (9th Cir.1996) (“The Court of Appeals reviews the NTSB order in accordance with the Administrative Procedure Act.”). We uphold agency action unless it is “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.” 5 U.S.C. § 706(2)(A).
The NTSB abused its discretion by affirming the ALJ’s order, and that abuse of discretion was prejudicial to Ferguson. The Rules of Practice in Ah Safety Proceedings provide that each party has the right to “conduct such cross-examination as may be required for a full and trae disclosure of the facts.” 49 C.F.R. § 821.38. Conte was the FAA’s lone witness as to the revenue-generating nature of the disputed flights. It was error for the ALJ to curtail Ferguson’s cross-examination of Conte on so many aspects of his testimony as to this central issue. The ALJ’s reliance on that testimony, particularly as to the contents of the flight logs, makes clear that the error was prejudicial. We vacate and remand to the National Transportation Safety Board.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.